, Katrina F. Wood and others v. The Commissioner of Social Security. Good morning, Your Honor. My name is Richard A. Culbertson, representing the appellants. The primary issue in this case is what factors can be appropriately considered by the district court in determining what a reasonable fee is for an attorney representing claimants in the federal court. May I begin by asking you a question from your brief? On page 8, you say that your fees were limited to 12.7 percent, 13.8 percent, 17 percent and 20.5 percent. Which cases do which percentage go with? Okay, Your Honor. In the Akarchai case, the 406B fee request No, that's not what I'm asking. Which percentage is assigned to which? Okay, the 20.5 percent is Akarchai, 17.5 percent is Schuster, 13.8 percent is Westfall, and 22.6 percent is Wood. Those are not the percentages you gave in your brief, are they? I think the percentages you gave in your brief are 12, 13, 17, and 20, but anyway, this is what you're saying. They promised me when I went to law school I wouldn't have to be good at math, but they lied to me, and I'm not good at math, so I may have gone back and recalculated the figures, but the point is every one of the fees requested was substantially less than the 25 percent. Well, so 25 percent of past due benefits in Akarchai, if I'm saying that correctly, would be $17,261.75, right? Yes, Your Honor. Okay. Schuster, 25 percent, well, let's skip Schuster. Westfall, 25 percent would be $6,039.25. Yes, Your Honor. Wood would be $8,595.75. Yes. Based on what I understand, for Schuster, the number I have is 25 percent of past due benefits would be $15,695.25. Does that sound about right? Sounds right, Your Honor. Okay. So the only one, I don't know how you say, looking at what I understand you have been Are you counting the, I pronounce it, EJIA award? Are you counting that or are you not counting that? No, Your Honor. The process is, the first step is determine what a reasonable fee for work in the federal court is under 406B. That's all. All 406B is what is a reasonable fee. That's the court's responsibility. And the only limitation in 406B is that that fee cannot exceed 25 percent of the claimant's past due benefits. Now, under the Savings Clause of the EJIA, Equal Access to Justice Act, the attorney has the responsibility to refund the lower of the EJIA fee or the 406B fee, which I did that in every one of these cases. This court said in Jackson that it's appropriate for the attorney to say, my client agreed to pay 25 percent. I'm subtracting the EJIA fee. This is what I'm asking in 406B fees. Well, nothing in Jackson, to my knowledge, indicated that you don't add in the amount of the EJIA award in calculating what is 25 percent. Do you disagree with . . . I mean, you think Jackson said you ignore the amount that was paid under EJIA? Jackson said it's not the district court's responsibility, that it's the attorney's responsibility. That's not my question. But, no, again, I'm required to, under my fee agreement, under Jackson, under the EJIA Savings Clause, I'm required to reduce the amount that I request by the amount of the EJIA fees. Okay. That was done in every one of these cases. And just while I've got you, do you agree or disagree that this panel is bound by Dawson, whether or not you agree with Dawson? Many, many years ago, when this court was in the Fifth Circuit, we said that the combination of fees can't exceed 25 percent. I mean, isn't that what it said? But Dawson, the facts of Dawson dealt more with how much of the past due benefits could be used to pay the fee. Because in Dawson, the attorney was holding 50 percent of the claimant's past due money. And the attorney got involved at the federal court level. His fee agreement provided for 50 percent of the claimant's past due money for representing the client in federal court. I'm reading from Dawson. We are fully convinced that 42 United States Code 406 precludes the aggregate allowance of attorney's fees greater than 25 percent of the past due benefits received by the claimant. Dawson has already been authorized by the Secretary to charge this amount. He is entitled to no more. But the language at the end is very imprecise. But what that's relating to, the aggregate of the fees was, yes, the 406A fee and the 406B fee, and how much of that would be paid out of the claimant's benefits. That wasn't your normal run-of-the-mill case where the commissioner had not determined the 406A fees or where they combined would be less. In that case, the attorney was holding, he had already gotten 25 percent, he was holding 25 percent of the claimant's past due benefits. Any fee the Dawson court awarded was going to come out of the claimant's past due benefits and increase it by more than 25 percent. Earlier also in Dawson, the court indicated the two reasons for the amendments that authorized the attorney's fees payments out of the past due benefits and limit them to 25 percent. One of the purposes was so as not to dilute the claimant's past due benefits to more than 25 percent. The congressional intent was not to limit the total number of fees to 25 percent.  In Dawson, awarding any fee would dilute the claimant's benefits because the attorney was holding that money. Nowadays, that can't happen and the commissioner will tell you. The commissioner holds the 25 percent. I don't hold any of the claimant's past due benefits. The commissioner holds 25 percent and will not pay more than 25 percent to the attorneys regardless of the amounts that are authorized by the court and by the commissioner. You argue at page 36 of your brief and really elsewhere and I think maybe right now you may be arguing that the EAJA fees can be offset only against 406B fees, not against 406A fees. Yes, Your Honor. And that seems to be the primary focus of your appeal. Is that right? Well, part of it. Yes, Your Honor. Because if the court, as in these cases, conflates the EAJA fees, the 406A fees . . . Like our Pal Tan unpublished opinion did do. Yes, Your Honor. Okay. But now, it seems to me that that issue is not present in any one of these four cases before us because in each of these cases, you have already asked for 406B fees which exceed the EAJA fee. And therefore, you do not have the situation that I'm gathering that you contemplate when you might be able to combine EAJA fees plus 406A fees and exceed 25 percent. That is an issue that I agree with you has not been decided in Dawson. It's not . . . or rather, EAJA is pretty clear that it offsets with 406B and probably not with 406A. But we've never held that. Dawson doesn't hold it. Nothing holds it except Pal Tan, which is an unpublished opinion. It's also dicta in that case because that case is like these in that the 406B fees exceeded the EAJA fee. Whenever that happens, you don't have that issue. Is that not correct? Yes, Your Honor. So you're trying to get us to do something that would be an abstract statement of the law in these four cases, which we ordinarily do not do. Well, but no, the reality in these four cases is . . . Is that not true? In each of these cases, yes, under the fee agreement and under the savings clause, my fee agreement says I'm entitled to 25 percent of their past due benefits for the work done in federal court minus any EAJA fees awarded. So in each case, I took 25 percent and I subtracted the EAJA fees and then that is what I asked for, the balance. I don't think you quite understand the thrust of my question. The only way an attorney can receive more than 25 percent under our binding law, not counting dicta in Paltan, is if the 406A fees exceed the 406B fees. Because, for example, let me give you an example. If you could get 406A fees of 25 percent, you would have no 406B fees. That's docile. Yes, Your Honor. Okay. Then you could, however, for that same work in district court, you could get some EAJA fees. Yes, Your Honor. And that could exceed 25 percent. Yes, Your Honor. And that's what you would love to have as the law. But we don't have a case, none of the four cases before us present that situation, it seems to me. Show me where I'm wrong. None of those cases involve that because three of the cases, the commissioner has not determined the amount of 406A fees. And if you go back to the commissioner in any of these cases and get 406A fees that would exceed the 406B fees, then possibly you might be able to present this issue. But what we have right now is what the district court did is just exactly what it should do. In a couple of the cases, it said, I can't tell you how much 406B fees you might properly get because you're still open with getting more A fees and those under Dawson have to be combined not to exceed 25 percent. So we do not have a case yet before us where the 406A fees exceed the 406B fees. But, yes, Your Honor, Dawson never said that the court can't determine the 406B fee until the 406A fee is determined. I agree with you. That's a logical expansion of Dawson. But it seemed to me a pretty obvious one. First place, the district court doesn't have to give you any fees under 406B. It's may, in quotes. They're completely discretionary. And certainly nothing says the district court can't wait in order to make sure that you don't violate Dawson. And for example, in one of the cases, the district court said, well, you can have these 406B fees that you've asked for, but only on the condition that you agree not to seek or accept any 406A fees. And the commissioner says, and we'll hear from the commissioner in a minute, that we can't tell the commissioner what the commissioner can do. Quite true. But we can tell the litigant. We can tell the lawyer who is before us that if he wants 406B fees, the condition is he cannot seek 406A fees. Can we not do that? That would be a significant expansion of Dawson. I agree it would be an expansion, but why not? That's the only way you can ensure that Dawson is not violated. But, Your Honor, the commissioner ordering fees of more than 25 percent does not violate Dawson. Dawson doesn't, and again, the commissioner in Westfall took the position that Wait a minute. That is possible. That is possible. I hadn't thought about that. That is possible. But if the commissioner should order fees in excess of 25 percent, then you wouldn't be entitled to nothing under 406B fees under Dawson. Is that not correct? No, Your Honor. Again, there's two different things. There's how much the court can authorize for a fee under 406B, and then there's how much of that fee is going to be paid out of the claimant's past due benefits. And again, under 406B, the court can authorize a fee up to 25 percent. Now, as you said, if the administrative attorney has already gotten 25 percent, well, I don't know about it. And again, many of these cases, other attorneys are involved at the administrative level. So if they're paid first out of the 25 percent of the past due benefits, even though the court may authorize a fee, I'm not going to get paid. Because if the 25 percent is gone, I just don't get paid. So there's two issues. There's authorizing the fee, and then how much of the fee is paid out of the claimant's benefits. And that's, again, that's what Dawson was. Any fee it authorized was going to come out in addition to the 25 percent, and it was going to result in 50 percent of the claims. I don't think Dawson said. The way I read Dawson, it said, it didn't say we're not going to authorize it. It said you're not entitled to and we will not approve. And, of course, the district court and the appellate court have to approve a fee under 406B. And Dawson said there will be none approved where it would put it over 25 percent, doesn't it? Where it would result in more than 25 percent of the claimant's past due benefits being used. It doesn't say that. Pardon? I don't believe it says that. That's the facts before the Dawson court. Again, at the very beginning, Dawson took 50 percent. And this could never happen today. Under 42 U.S.C. 407, these fees are not assignable. I can't take my client's past due benefits. The commissioner holds 25 percent for attorney's fees, and that's it. Regardless of what the commissioner authorizes. I think I understand your point. Your point is that it was not argued in Dawson that there should be this distinction about what's coming out of the fees and what might be authorized and, therefore, you could get from the client himself. Right. I think it was not specifically addressed. I think that's correct. But it seems pretty clear to me that the pretty clear inference from Dawson is that the court should not authorize any such fee. Coming out of the client, coming out of the beneficiary in the last resort, one way or the other, isn't that a reasonable inference from Dawson? Yes, Your Honor, but as soon as, again, Dawson doesn't say that in every case the district court has to include the 406A fee and to even know what the 406A fee is. If it's going to result in more than 25 percent of the claimant's benefits being used, yes. That's what Dawson had to protect the claimant there because the attorney had the other 25 percent. I don't have that 25 percent. That's not the case here. The courts don't need to protect the claimant, and the commissioner can award any fee she wants. The commissioner doesn't have that 25 percent limitation, so the commissioner could authorize. You've saved your time for rebuttal, so we'll hear from you. Okay. Thank you. Thank you. Thank you. Good morning. Good morning. May it please the Court. I'm Rebecca Ringham, and I represent the Social Security Administration. I'm also here in a quasi-trustee position to represent the interest of all of the claimants in this case because, as we've discussed, ultimately the money in these attorney fees comes out of and reduces the amount of benefits that the claimants will receive. I think these cases touch on three issues. The first one, which has been discussed some at length, is the application of Dawson, and it is the Social Security Administration's position that Dawson's holding is binding in these circumstances. Dawson held that under 406, fees cannot be allowed greater than 25 percent of the past due benefits. That places a limitation on the combination of 406A fees and 406B fees not to exceed 25 percent. Now, in the Dawson case, yes, the attorney was holding the fees, but even now, while the agency withholds 25 percent of the past due benefits to directly pay attorney fees if awarded, if this court or the district court were to award, say, more than 25 percent of a person's past due benefits, there's nothing that precludes the attorney from going to their client to get that remaining amount that exceeds 25 percent. So we're still in a position where we need to protect the interests of the claimants and their past due benefits. Let me ask you this. As a matter of practice in the agency, I notice that 406A1 is not limited to the 25 percent at all. The fee petition process, is it the practice to limit that to the 25 percent? The standard that the agency applies is the standard in the statute, Your Honor, that it's a reasonable fee. There's several factors that the individual administrative law judge considers based on that case. Those factors do not require the agency to limit it to 25 percent, although the amount of past due benefits is a factor that's considered under that fee petition process. Have you observed that there are often fees in excess of 25 percent made by the commissioner in the 2406A case?  Does it happen? I do not recall a specific example where I have seen it, but I know there is nothing under the regulations that would prevent it. Thank you. Under Dawson, the first thing that the district court has to look at in granting 406B fees is, has there been 406A fees issued? Because if there has, then that pot of money that's available for 406B fees would be reduced, which is what the district court did in Wood, which is the only case before us where there actually was a 406 fee already awarded. All the other cases, 406A fees had not been sought at that point. What's the commissioner's position about the district court in a couple of these cases staying its hand until the 406A fees are awarded to make sure that then Dawson can be realized and that there would not be fees of more than 25 percent A and B combined? Our position, Your Honor, is that the district court did not abuse its discretion in doing that. As you said, the district court has to ensure that the combination of 406A and 406B fees does not exceed 25 percent of the capacity of benefits. So by staying their award of 406B fees, that's a permissible action for the district court in these cases to ensure that Dawson is followed. I want to turn and talk about the AJA fees. We understand and agree that in Jackson, this court held that Why don't we go ahead right now and get your response to what I said to your opponent a minute ago, that although in one of the cases, I guess it was Westfall, was it, where the district court said you may have your 406B fees now if you will take that upon condition that you not seek 406A fees. That way, instead of staying its hand, the district court ensured in that manner that there wouldn't be A and B fees in combination exceeding 25 percent. Why, accepting that the district court has no business certainly in telling the commissioner what the commissioner can do or not, why can't the district court tell the lawyer and the client, the litigants before that court, what they can do and what they can't do in that regard or almost the same thing, condition the receipt of 25 percent of the 406B fees upon the condition that they not seek 406A fees. Why is that not okay? Well, Your Honor, our position was in Westfall, the court also instructed the agency counsel to make sure they went back to the agency and informed the agency that Mr. Culbertson could not seek A fees from the agency. Would you be satisfied if we just strike that, say that's too far? I think as long as the district court's instructions does not infringe on the agency's own actions to award fees, that would be permissible. By the way, if you don't mind if I interject, the magistrate judge expressly said that was not what he was doing. He issued an order that was docketed, I guess, April 19, 2016. The premise of the defendant's motion is its assertion that, quote, the order appears to direct the commissioner not to award 406A fees should the plaintiff's counsel seek them, end quote, period. The order does no such thing. I mean, the magistrate judge said that was not what he was doing. He was merely trying to control the parties before him, not trying to reach out and direct the conduct of the commissioner. So, I mean, can't we just accept him at his word on that? I think if we accept him as his word, and our argument was just to the extent that the order did direct the agency not to award fees, that we would agree that that's not, with Mr. Colbert saying that the district court does not have the authority to direct the agency that way. The magistrate judge seemed to acknowledge that to my reading, but all is well that ends well, right? So, now I do want to turn to the argument about the AJA fees. And as we've discussed, both the AJA fees and the 406B fees award the attorney for the representation in federal court. And the AJA Savings Clause states that the attorney must refund the lesser of those two fees to avoid double compensation for that representation. And the starting point before subtracting the AJA fees for the district court should be determining what is that reasonable 406B fee. And Dawson requires consideration of the 406A fee. Once the court determines the amount of 406B fees, they have two options now because of the holding in Jackson. If the attorney requests to have a net fee calculated, the court can subtract out the AJA fee and order the agency to issue that net fee out of the past due benefits. Or if counsel does not request a net fee, the court issues an order for that full amount of 406B fees, the agency issues a check out of the past due benefits to the attorney, and then the attorney is responsible for refunding that lesser AJA fee to the claimant. And I think if we look at Wood, where we actually have A fees, and look at the calculations there, it can show that the method that Mr. Culbertson is trying to use ultimately ends up taking more benefits away from the claimant than the method under the savings clause. In that case, the Wood had received $8,595.75, which is 25% of past due benefits. Under the traditional method, Mr. Culbertson was seeking that full 25%, but you have to first take out the A fees that had already been awarded, which leaves $5,730.75 sort of in that pot for 406 fees. Well, under the traditional method, if the court found that that full amount was reasonable, then the claimant would receive past due benefits would be awarded to Mr. Culbertson of $5,730.75, and then Mr. Culbertson would have to refund that AJA fee of $4,107. And ultimately, the total amount of fees that Mr. Culbertson would receive under 406B would be $1,623.48 because he had to give back that AJA fee. Under his method of not accounting for the 406A fees and just taking the AJA fees out of the 25%, the beneficiary ultimately loses more money because Mr. Culbertson is asking for $4,488 as B fees, but then would be keeping the $4,000 in AJA fees, and the beneficiary would also be out the $2,865 in 406A fees. So ultimately, between the AJA and the 406 fees, the claimant would end up paying over $11,000 when his past due benefits of 25% is only $8,595. That was very helpful. Thank you. You're welcome. So ultimately, what the district court did was correct. They first considered how many, how much A fees have been awarded and looked at that as their pot of 406B fees and then took out the AJA fee. Of course, in the other three cases, the court could not go that far because A fees had not been awarded. Go ahead. Go ahead. I was just going to close, so if you have a question. I do have a question. It does seem to me, did you follow this scenario I was spelling out with your opponent? I do think that an attorney could manipulate the A and B fees in a way to get more than 25% under the current law, not including the dicta in Peltan, by manipulating the A fees so that they exceed the B fees. And therefore, the Savings Clause does pretty clearly not account for the duplication between A and EAJA. It accounts for duplication only between B and EAJA. So that is a possibility, but not one presented in the cases before us. Am I right about that? You're right, Your Honor. In these cases, the EJA fee that was awarded is the lesser, lesser than the 406B fees. So it's always the 406B fee that he would be keeping and not, and paying back the EJA fees. But in a hypothetical circumstance, if the full 25% had been awarded under A fees, then the attorney at federal court could still seek EJA fees and get an award of EJA fees. But again, EJA fees are paid by the government. So the beneficiary would still not be paying out of their pocket any more than 25% of their benefits. So while the Peltan case in dicta suggested that that should not be, we might possibly have a case that does that precisely for the reason that the government is paying the EJA fees and it doesn't take money from the beneficiary. Correct, Your Honor. So just in closing, the Commissioner's position is that the District Court did not abuse its discretion in Wood, Akarkay or Schuster in both the calculations and the remedy they employed for the fact that Mr. Culbertson had, or no attorney had yet to seek 406A fees. Thank you for your time. Thank you. Yes, sir. Pardon? We're ready. Sorry, I was waiting for you all to finish writing. The government's argument and some of the questions from this court seem to presuppose that the starting point in determining a reasonable 406B fee is to subtract the 406A fee. And they're based on Dawson. Dawson does not in no way say that. Dawson only says the 406B fee and the 406A fee cannot exceed 25%. Before you can apply Dawson, you have to determine what 406B fee the court's going to authorize. And, again, under 406B, it starts with 25%. Apply the EJA savings provision. You subtract the EJA fee. Then you make sure that that fee combined with the 406A fee does not exceed 25%. And the whole government and the district court orders are based on reversing that and indicating as a starting point you subtract the 406A fees. There's nothing in the Act authorizing that. There's nothing in Dawson authorizing that. The Supreme Court dealt with reasonable 406B fees in Gisbrecht. The Supreme Court didn't say you start with the 406A fees. The court gave the factors that are to be determined in determining a reasonable 406B fee. If you determine what the 406B fee is first and then, you know, what the 406A fee, in none of these cases will the court authorizing the fee requested result in attorney's fees in excess of 25% of the claimant's past due benefits. And Wood, we're talking about Wood. Wood's a perfect example. The past due benefits were $35,000. 25% was $8,595. The EJA fees were $4,107.27. So down below the attorney subtracted the EJA fees from the 25% and the agreed fee was $4,488. When you combine that fee requested with the 406A fee, it only is 22.6% of the claimant's past due benefit. The claimant would still get a refund, and the attorney's not charging more than 25%. But when you force subtracting the 406A fees first, the court cut the fee down to $1,623, which, again, Dawson isn't saying you should go less than 25%. Dawson just says you can't go more than 25%. And as a result of doing that 406A fee, using that in determining the amount of the 406B fee, it in effect is double subtracted because it's already taken out of the claimant's past due benefits, and then it's taken out of the calculation of the 406B fee, and it reduces the amount of the past due benefits that can be used for attorney fees down to, again, I'm not real good with math, but it's about 13%. So it's defeating the purpose as set forth in Dawson. The purpose of these amendments by Congress was to make sure that 25% can be used of the past due benefits can be used for the attorney fees, not less. And when you force that 406A deduction first, that's basically what's happening. As far as delaying the decisions until the 406A fees are done, again, basically I'm not the only attorney. For example, Westfall had five attorneys. There were three other attorneys at the administrative level. How can the court control and enter an order saying that the commissioner can't authorize them fees for work done at the administrative level? These are two different levels. We're just talking about a fee for work in the federal court. The claimant also may need to hire an attorney at the administrative level, which again is under the commissioners. So I'm going to make you do math again. Just to make sure. So we agree and would that 25% of past due benefits is $8,595 and change. Yes, Your Honor. Okay. So the 406B fees awarded were $4,488 and change. No, Your Honor. That was the fee requested. But then the court reduced the 406B to $1,623. Because of the 406A award. Because in determining the amount of the 406B award, the court subtracted the 406A award, which that's, again, Dawson doesn't say. Determine the 406B award first. You don't consider what was done at the other level. And then secondarily, then you make sure that the two, if the 406A fees have already been awarded, you make sure those two don't exceed 25%. And that's not what the court did. Because if they'd done that, then the court would have approved the fee and would, the $4,400, because the 406A and 406B combined did not exceed 25%. I think I understand your point. If Dawson held that the controlling factor was that there should not be more than 25% out of the benefits which the beneficiary receives, if that were the controlling factor in Wood, then your position could be not inconsistent with Dawson. On the other hand, if the controlling factor in Dawson were that the A and the B fees combined could not exceed 25%, and of course Dawson didn't know anything about EHAA, but if the holding of Dawson is that the A and the B fees cannot exceed 25%, then you lose on Wood. Is that not true? Yes, Your Honor. But if the holding is that the 406A and 406B fees cannot exceed 25%, then you lose. You can prevail only if the holding is that there cannot be more than 25% out of the benefits going to the beneficiary. No, Your Honor, because under Wood, the 406B fee and the 406A fee do not exceed 25%. But you've got 25%. I mean, you've got $8,595 in change. No, Your Honor. So, yes or no, you've got the $1,623 in change, which was your 406B request minus the 406A award, right? $1,623 in change. $1,623, 406B fee. Okay. The 406A fee was? $2,806. So that adds up to $4,489. Okay. And then you've got the EJA award in the amount of $4,107.27. But Dawson is? No, but I'm just saying you've got those three amounts that add up to $8,595 in change, right? No, Your Honor, it adds up to less than $8,595. So that's what I'm saying. $1,623 in change, which was the 406B award, the EJA award of $4,107 in change, and the 406A award of $2,865. You've got all three of those, right? Yes, Your Honor. Okay. And that totals $8,595, which we agree is 25% of past due benefits. But, again, Dawson didn't say that the three of them should add up to 25%. As Judge Anderson said, the Dawson court said two of them, 406A and 406B. I'm just trying to establish what happened. I'm sorry, Your Honor. Okay. I understand your argument. All right. Thank you. Thank you. All right. We appreciate the presentation. Thank you. And now I'll call the case of Steve.